Martin, J.
delivered the opinion of the court. According to the statement of facts, the plaintiff, in the beginning of May, 1816, obtained a continuance of this cause, which had been regularly set down for trial, on the ground of the absence of a deposition, which he had sent for, to the Havanna, and a delay of one month was accorded to him to procure it.
On the 15th of June, the defendant prayed the court to proceed to the trial of the cause, which the plaintiff resisted.
1. Because he had not received any notice of trial.
*588 2. Because the day, Saturday, was not a trial day, according to the rules of the court.
3. Because the cause, having been set down and continued, could not now be tried, without having been set down for a particular week.
The court overruled all these objections, and the plaintiff being unprepared with testimony, the court gave judgment that the cause be dismissed: whereupon the plaintiff appealed.
I. We are of opinion that the district court did not err in overruling the first objection; viz. that the plaintiff had no notice of trial: the 12th article of the rules of that court, providing that “no notice of the trial of a cause shall be required, to be given, but, that each party shall be bound to take notice from the trial lists and duckets.”
II. The fourth article of the same rules provides, that Saturday shall be a motion day.
The seventh provides that the first four days of the week, shall be appropriated to the trial of causes, not Friday causes: and that every day of the week except Friday and Saturday, the causes on the trial list shall be called.
The district court, therefore, erred in overruling the second objection, viz. that the day, Sa *589 turday, was not a trial day, according to the rules of the court.
III. It seems to us the cause had been continued without a day. The consequence of the allowance of one month to the plaintiff, to produce his deposition, does not appear to us to have had any other effect, but that of enabling him till the expiration of that time, to resist any application of the defendant to set down the cause for trial, if the deposition was not arrived—and perhaps also, of enabling the defendant to resist the plaintiff’s application, after that period, to continue the cause on account of the absence of the deposition, unless accounted for, on any event subsequent to the first continuance. We do not think that the cause could be placed on any future trial list, without both parties being afforded the opportunity of shewing cause against its being set down for trial, under the 7th article of the rules of the district court. We are therefore of opinion, that the district court erred in overruling the third objection, viz. that the cause, having been set down and continued, could not be tried without its being once more set down for a particular week.
Lastly, the 12th section of the 4th article of *590 the constitution makes it the duty of the judges, as often as it may be possible so to do, in every definitive judgment, to refer to the particular law in virtue of which said judgment may have been rendered, and in all cases to adduce the reasons on which their judgment is rendered.
Is this a definitive judgment? Does the above article of the constitution extend to such judgments as are not definitive?
There are two principal classes of judgments: final and interlocutory ones. 3 Blackst. Comm. 395, 1 Pigeau, 386. The present case cannot be classed among the last: it must have a place among the former. It is so far final, that it is appealable from: because otherwise, by constant dismissal, a party might be forever prevented from attaining his right in the inferior court, or having its error corrected in this.
No good reason can be given for dispensing with reasons in a judgment by which a cause is dismissed and the party denied the right of having his claim pronounced upon, which would not apply to a judgment on the merits. The motives which induced them to be required in the latter are more apparent, in the case of a judgment of dismissal.
In comparing the correspondent article in the French text of the constitution, with that in the *591 English, the apparent ambiguity in the latter vanishes. It is made the duty of all judges, in all cases, to adduce the reasons on which their judgment is founded. Are all judgments, final and interlocutory, understood, or is the expression restricted to judgments before spoken of, definitive judgments? The judges are required, dans les jugemens definitifs, to refer to the law in virtue of which, de tels jugemens seront rendus, et ils devront dans tous les cas les motiver: the article clearly refers to definitive judgments. But, we think that a sound construction of this article requires that the word definitive be considered as synonimous with final.
Seghers for the plaintiff, Morel for the defendant.
The district judge, therefore, erred in failing to adduce the reasons on which the judgment was founded; and
I is ordered, adjudged and decreed that the judgment be annulled, avoided and reversed, and that the cause be remanded for trial, and that the costs of this appeal be borne by the defendant and appellee.